|   |   |   |
|---|---|---|
| | Judge: | Hon. Mary Jo Heston |
| | Chapter: | 7 |
| | Hearing Date: | November 5, 2024 |
| | Hearing Time: | 9:00 a.m. |
| | Hearing Site: | Zoom.gov |
| | Response Date: | October 29, 2024 |

UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

In re:

JARED ALLEN ROWE,

Debtor.

Case No. 24-41318-MJH

NOTICE OF HEARING ON AND TRUSTEE'S MOTION TO COMPEL COOPERATION AND SET PROCEDURES FOR REALTOR WALK THROUGH OF PROPERTY

## I. NOTICE

The Trustee has filed a motion to compel cooperation and set procedures for the Trustee's realtor to walk through the Debtor's residence ("Trustee's Motion"). The hearing on the Trustee's Motion is set as follows:

**JUDGE:** Hon. Mary Jo Heston  **TIME:** 9:00 a.m.

**LOCATION:** ZOOM.GOV  **DATE:** November 5, 2024

## II. MOTION

Russell D. Garrett, Chapter 7 Trustee herein ("Trustee"), by and through his undersigned counsel, moves to compel the cooperation of the Debtor in allowing the Trustee, his real estate agent and any assistant to walk through the Property he resides in with his family and allow him to take photographs and video for the reasons set forth below.

## III. FACTUAL BACKGROUND

1. On August 14, 2019, the Debtor purchased real property located 2609 NW 37th Street, Camas, Washington 98607 ("Property") in solely his name. On the same date, the

MOTION TO COMPEL COOPERATION AND
SET PROCEDURES FOR VIEWING

Page 1

Wood & Jones, P.S.
303 N. 67th Street
Seattle WA 98103
(206) 623-4382

Debtor's wife, Samatha Rowe, executed a Quit Claim Deed to the Debtor to create separate property. Also on that date, the Debtor granted Caliber Home Loans, Inc., ("Caliber") a deed of trust in the amount of $490,200.00. See Declaration of Denice Moewes, **Ex. 1 and 2** and dkt #31, respectively.

2. The last payment made on the loan was in January 2021. The amount due under the loan as of July 24, 2024, was $580,842.70. [dkt. 31-3, page 3].

3. On December 29, 2023, Caliber recorded a Notice of Trustee Sale with a foreclosure sale noted for May 10, 2024. Moewes Dec., Ex.

4. On May 9, 2024, the Debtor filed a short-form chapter 13 bankruptcy petition, Case No. 24-41049, which stayed the foreclosure which set for the next day. The Debtor did not file his bankruptcy schedules, and the case was dismissed on May 30, 2024.

5. Caliber renoted its foreclosure sale and set a new foreclosure sale date of September 6, 2024.

6. On June 4, 2024, the Debtor and his wife, Samantha Rowe, transferred the Property to DVJ Starseed Express Trust ("Starseed Trust").

7. On June 13, 2024, the Debtor filed this bankruptcy case.

8. The first § 341 meeting was held on July 17, 2024, and it has been continued several times. The Debtor testified at the September 17, 2023, § 341 meeting that the Starseed Trust is an irrevocable trust and that he is a co-trustee of the Trust. He also testified that he and his family live at the Property. He then refused to allow the Trustee's realtor access to the Property. McKee Declaration, Ex. 1, Page 3, lines 26-29 through Page 7.

### IV. MOTION TO COMPEL COOPERATION

MOTION TO COMPEL COOPERATION AND
SET PROCEDURES FOR VIEWING

Page 2

Wood & Jones, P.S.
303 N. 67th Street
Seattle WA 98103
(206) 623-4382

§ 521(a)(3) imposes upon the Debtor a duty to "cooperate with the Trustee as necessary to enable the trustee to perform the trustee's duties under this title. Fed. R. Bank. P. 4002(a)(4) states that "[T]he debtor shall . . . cooperate with the trustee in the preparation of an inventory, the examination of proofs of claim and the administration of the estate." The Trustee has a duty to collect and reduce to money the property of the estate and to investigate the financial affairs of the Debtor. 11 U.S.C. §704(a)(1) & (4).

The Ninth Circuit stated "[t]he filing of a Chapter 7 bankruptcy petition automatically creates an estate . . .. The trustee is the representative of this estate, and the debtor has a duty to surrender to the trustee all estate property." *In re Mwangi*, 764 F.3d 1168, 1173 (9th Cir. 2014) (citations omitted). In an unpublished decision, the Ninth Circuit Bankruptcy Appellate Panel noted "this duty, is non-negotiable." *In re Nakhuda*, 2015 WL 873566, at *3 (B.A.P. 9th Cir. Mar. 2, 2015); see also *Brower v. Evans*, 257 F.3d 1058, 1068 n. 10 (9th Cir. 2001) (stating "'[s]hall' means shall"). In the *Nakhuda* case, the Panel affirmed a bankruptcy court's order compelling turnover of bankruptcy estate assets and records and discontinuance of the Debtor's operation of two businesses. In its ruling, the Panel stated: Here, the Trustee merely sought an order requiring the Debtor to comply with his duties under § 521(a)(3) and (a)(4), duties statutorily imposed without necessity of a court order. It did not matter whether the Debtor received notice and the opportunity to be heard. He could not object to the Trustee's appropriate request for physical surrender of the property of the estate or information relating to property of the estate. *Nakhuda,* 2015 WL 873566, at *3.

The Debtor had a duty to allow the Trustee to enter the Property upon his request, without the necessity of a court order. The Trustee has a duty and a right to inspect the Property along with any agent he chooses. There may be equity in the Property, but the only

MOTION TO COMPEL COOPERATION AND  
SET PROCEDURES FOR VIEWING

Page 3

**Wood & Jones, P.S.**  
303 N. 67th Street  
Seattle WA 98103  
(206) 623-4382

way to determine that is to have the Trustee's real estate agent view the Property, without the Debtor, his wife, or their children present.

WHEREFORE, the Trustee asks that this Court order that the Debtor and other residents of the Property vacate it and surrender possession of the Property to the Trustee for 45 minutes to allow a walk through of the Property to occur on November 8, 2024 at 9 a.m.

## V. OBJECTIONS

<u>Your rights may be affected.</u> You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

If you do not want the court to approve the Trustee's Motion, or if you want the court to consider your views on the Trustee's Motion, then on or before October 29, 2024, you or your attorney must file your objection and serve a copy upon Denice Moewes, Wood & Jones, P.S., 303 N. 67th Street, Seattle, WA 98103.

If you mail your response, objection or comment to the Court and counsel, you must mail it early enough so that the court will receive it on or before the date stated above.

If you or your attorneys do not take these steps, the Court may decide that you do not oppose the Trustee's Motion and may enter an order granting the relief requested in that motion.

Further information regarding the Trustee's Motion may be obtained by telephoning Denice E. Moewes, at (206) 623-4382.

Dated this 15th day of October, 2024.

WOOD & JONES, P.S.

SET PROCEDURES FOR VIEWING

Page 4

**Wood & Jones, P.S.**
303 N. 67th Street
Seattle WA 98103
(206) 623-4382

                                        */s/ Denice E. Moewes*
                                        Denice E. Moewes, WSBA #19464
                                        Attorney for Chapter 7 Trustee
                                        Russell D. Garrett

**ZOOMGOV ACCESS INFORMATION**

**Join ZoomGov Meeting:**
https://www.zoomgov.com/j/1606692441?pwd=ZkVCbVEyTzZBRWovRlI0ODZRUUFjQT09
Meeting ID: 160 669 2441
Passcode: 827542
**One tap mobile**
+16692545252,,1606692441# US (San Jose)
+16692161590,,1606692441# US (San Jose)
**Dial by your location**
• +1 669 254 5252 US (San Jose)
• +1 669 216 1590 US (San Jose)
• +1 415 449 4000 US (US Spanish Line)
• +1 551 285 1373 US (New Jersey)
• +1 646 828 7666 US (New York)
• +1 646 964 1167 US (US Spanish Line)
Meeting ID: 160 669 2441
Find your local number: https://www.zoomgov.com/u/abGXEPYqMS

MOTION TO COMPEL COOPERATION AND
SET PROCEDURES FOR VIEWING

Page 5

**Wood & Jones, P.S.**
303 N. 67th Street
Seattle WA 98103
(206) 623-4382