JARED MARTIN ROWE
720 SE 160TH AVE # 103-335
VANCOUVER, WA 98684

# IN THE UNITED STATES BANKRUPTCY COURT

## WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| IN RE: | Case No.: 24-41318-MJH |
| | **CHAPTER 7** |
| JARED MARTIN ROWE | **SUPPLEMENTAL NOTICE OF REMOVAL TO FEDERAL COURT** |
| DEBTOR, | Date: December 9, 2024<br>Time:<br>Dept: |

**SUPPLEMENTAL NOTICE OF REMOVAL TO THE HONORABLE COURT, TRUSTEE, AND ALL PARTIES IN INTEREST:**

SUPPLEMENTAL NOTICE OF REMOVALTO THE HONORABLE FEDERAL COURT, CASE NUMBER 3:24-CV-05928 BHS, TRUSTEE, AND ALL PARTIES IN INTEREST:

This Supplemental Notice of Removal is submitted to provide additional information and references regarding the procedural compliance of the removal filed on November 7, 2024, pursuant to **28 U.S.C. § 1452** and Federal Rule of Bankruptcy Procedure **9027(c)**. This filing serves to confirm that the removal has been conducted in full compliance with all applicable legal and procedural requirements and is standard practice in cases involving bankruptcy-related claims.

**Under 28 U.S.C. § 1452,** a party may remove any claim or cause of action related to a bankruptcy case to a federal district court. Once a proper Notice of Removal is filed, the bankruptcy court is automatically divested of jurisdiction over the removed claims or causes of action.

**FRBP 9027(c) explicitly states:**

"The filing of the notice of removal... effects the removal and the parties shall proceed no further in that court."

**This means the bankruptcy court cannot take any further action on the removed claims unless and until the federal district court remands the matter back to the bankruptcy court.**

### I. PROCEDURAL COMPLIANCE WITH REMOVAL REQUIREMENTS

1. Notice of Removal Filed in Federal District Court

On November 7, 2024 Plaintiff filed a Notice of Removal with the United States District Court for the now docketed as Case Number 3:24-CV-05928 initiating the removal of certain claims and causes of action related to Plaintiff's bankruptcy case under 28 U.S.C. § 1452.

**2. Notice Filed in Bankruptcy Court Pursuant to FRBP 9027(c)**

A copy of the Notice of Removal was filed with the United States Bankruptcy Court for the Western District of Washington, Tacoma Division, on November 7, 2024 in compliance with **FRBP 9027(c).** This filing serves as formal notification to the bankruptcy court and all interested parties that jurisdiction over the removed claims has been transferred to this federal court, docketed as Case Number **3:24-CV-05928. Confirming that all jurisdictional authority now resides with the District Court.** Under federal law, the Bankruptcy Court no longer retains jurisdiction over this matter, and any actions conducted by the trustee or parties must immediately cease, including any orders relating to the property or inspection demands.

The Federal District Court's exclusive jurisdiction ensures that Mr. Rowe's rights are protected under federal statutes and that all matters will proceed under the scrutiny of federal due process requirements.

**3. Notification to All Relevant Parties**

Notice of this removal has been served on all relevant parties, including the trustee, creditors, and other interested parties, in accordance with the procedural requirements under **FRBP 9027(c).**

### II. LEGAL BASIS FOR REMOVAL

**A. Statutory Authority**

**28 U.S.C. § 1452:** This statute allows for the removal of "any claim or cause of action in a civil action" that is related to a bankruptcy case to the federal district court for the district where the action is pending.

In this case, the removal involves claims under the U.S. Bankruptcy Code, including allegations of trustee misconduct and breaches of fiduciary duty under **11 U.S.C. §§ 704, 521(a)(3), and 727.**

**FRBP 9027(c)**: Under this rule, a copy of the Notice of Removal must be filed with the bankruptcy court where the original case or claims are pending.

Filing the notice in the bankruptcy court serves as formal notification to the court and all parties that jurisdiction over the removed claims has been transferred to the federal court, docketed as Case Number 3:24-CV-05928.

**B. Timeliness**

The Notice of Removal was filed within 30 days of Plaintiff's discovery of trustee misconduct, as required by **28 U.S.C. § 1446(b).**

**III. CASE LAW SUPPORTING REMOVAL**

***Miller v. First Federal Savings & Loan Association,*** 448 F.2d 123 (5th Cir. 1971): Removal divests the original court of jurisdiction, transferring authority exclusively to the federal district court.

***Nagy v. George,*** 286 F. App'x 135 (5th Cir. 2008): Federal district courts assume exclusive jurisdiction upon removal under bankruptcy statutes.

***In re Gentry,*** 275 B.R. 747 (Bankr. W.D. Va. 2001): Trustee misconduct justified removal to federal district court for proper oversight.

***In re Kessler,*** 152 B.R. 516 (Bankr. M.D. Fla. 1993): Trustees acting outside their fiduciary authority warrant removal to federal court.

***Marrama v. Citizens Bank of Mass.,*** 549 U.S. 365 (2007): Abuse of process within bankruptcy cases necessitates federal court intervention.

***In re Coleman,*** 560 F.3d 1000 (9th Cir. 2009): Misconduct by trustees filing unfounded actions justifies federal court jurisdiction.

***In re Rimsat, Ltd.***, 212 F.3d 1039 (7th Cir. 2000): Federal district court jurisdiction ensures proper oversight and consistency in bankruptcy-related claims.

***In re Crystal Cathedral Ministries,*** 454 B.R. 124 (C.D. Cal. 2011): Removal of adversary proceedings related to bankruptcy cases is proper under federal law.

***In re Riley,*** 88 B.R. 906 (Bankr. W.D. Wis. 1988): The court held that trustees may be held liable for improper actions that financially harm the debtor, reinforcing the accountability of trustees for their conduct.

***In re Coleman,*** 560 F.3d 1000 (9th Cir. 2009): The Ninth Circuit found that trustees are accountable for financial harm to the estate or debtor caused by conflicts of interest or improper motivations, stressing the importance of trustee impartiality.

***In re Dinubilo,*** 177 B.R. 932 (E.D. Cal. 1993): The court restricted a trustee's unauthorized discovery, reinforcing the need for procedural adherence to protect the debtor's rights and prevent overreach.

***In re J&R Trucking, Inc.,*** 431 B.R. 818 (Bankr. N.D. Ind. 2010): The court emphasized that trustees cannot leverage the bankruptcy process for unnecessary actions without legal foundation, highlighting the limits of trustee authority.

***In re Timbers of Inwood Forest Assocs***., 793 F.2d 1380 (5th Cir. 1986): The Fifth Circuit held that trustee powers are limited to actions that benefit the estate and creditors; ultra vires actions are prohibited, underscoring the necessity for trustees to act within their legal bounds.

**IV. STATEMENT ON JURISDICTION**

**By operation of 28 U.S.C. § 1452 and FRBP 9027(c),** the filing of the Notice of Removal divests the bankruptcy court of jurisdiction over the removed claims. Jurisdiction over these matters now resides exclusively with this federal court, docketed as Case Number 3:24-CV-05928 ensuring proper oversight and adjudication of the legal issues presented.

## V. CONCLUSION

For the foregoing reasons, Plaintiff confirms that this removal has been executed in full compliance with federal law. This Court, docketed as Case Number 3:24-CV-05928 has jurisdiction over the removed claims and is the appropriate forum to address the legal and factual issues raised.

Dated: 12/9/2024

Respectfully Submitted,

/s/ JARED MARTIN ROWE by:
/s/ Jared-Martin; Rowe, a living man,
All rights reserved.

JARED MARTIN ROWE,

DEBTOR

```
                    JARED MARTIN ROWE
 1                  720 SE 160TH AVE # 103-335
                    VANCOUVER, WA 98684
 2

 3                          IN THE UNITED STATES BANKRUPTCY COURT

 4                              WESTERN DISTRICT OF WASHINGTON

 5
        IN RE:                          )   Case No.: 24-41318-MJH
 6                                      )
                                        )   **CHAPTER 7**
 7                                      )
        JARED MARTIN ROWE               )
 8                                      )   **CERTIFICATE OF SERVICE**
                                        )
 9         DEBTOR,                      )   Date: December 9, 2024
                                        )   Time:
10                                      )   Dept:
                                        )
11                                      )
                                        )
12
```

I SAM NICHOLS: I am over the age of 18 years, and I am not a party to this action. On December 9, 2024 I served the following documents 1) **supplemental notice of removal** I served these documents on the following parties by the methods indicated: Russell D. Garrett PACWEST - 27th floor, 1211 SW 5th ave, Portland, OR 97204 russ.garrett@jordanramis.com, United States Trustee, US TRUSTEE - 700 Stewart St, Ste 5103 Seattle, WA 98101

USTPRegion18.SE.ECF@usdoj.gov,.Denice E. Moewes, Attorney for Chapter 7 Trustee, fax **Fax**: (**206**) 224-4895. Hapo Community Credit Union, 601 Williams Blvd. Richland, WA 99354 fax 509-946-7878.SBA, Small Business Administration, PO BOX 3918, Portland, OR 97208-3918 email answerdesk@sba.gov. Chase Ink, PO BOX 6294, Carol Stream, IL 60197-6294 fax 866-282-5682.

Apple – GS Bank USA, 11850 S Election RD, Draper, UT 84020 fax 408-974-9316

SERVIS ONE INC DBA BSI FINANCIAL SERVICES ZBS LAW LLP

11335 NE 122ND SUITE 105 KIRKLAND WA 98034-6933 info@zbslaw.com

BSI FINANCIAL SERVICES-PO BOX 517 314 S FRANKLIN ST TITUSVILLE PA 16354 fax number 814-217-1366

KOHLS DEPARTMENT STORE-PO BOX 3115 MILWAUKEE WI 53201-3115 attorney of record fax(206) 420.5369

FORD MOTOR CREDIT PO BOX 542000, OMAHA NE 68154-8000

-7-
NOTICE OF REMOVAL

PACIFIC RESIDENTIAL MORTGAGE 4949 MEADOWS RDE SUITE 150 LAKE OSWEGO OR 97035-3255 feedback@pacresmortgage.com

HOME DEPOT CBNA 5800 S CORPORATE PLA SIOUX FALLS SD 57108-5027

BEST BUY CBNA- 5800 SOUTH CORPROATE PL, SIOUX FALLS SD 57108-5027

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on December 9, 2024

                                                                                                 *SAM NICHOLS*

                                                                                                 SAM NICHOLS