Entered on Docket January 6, 2026

**Submitted But not Entered.**



_____

**Mary Jo Heston
U.S. Bankruptcy Judge**
(Dated as of Entered on Docket date above)

Movant uploaded a different order.

---

            Judge:         Hon. Mary Jo Heston
            Chapter:      7

UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF WASHINGTON

| In re: | Case No. 24-41318-MJH |
|---|---|
| JARED MARTIN ROWE,<br><br>            Debtor. | ORDER ON TRUSTEE'S MOTION TO COMPEL TURNOVER OF PROPERTY OF THE ESTATE |

THIS MATTER has come before the Court on the motion filed by Russell, D. Garrett, the Chapter 7 Trustee ("Trustee") to compel turnover of property of the estate (the "Trustee's Motion"). Notice of the Trustee's Motion was timely and adequate and was given to all creditors and the Debtor a set forth on the Proof of Service filed at docket 235. There were no objections filed to the Trustee's Motion. The Court reviewed the Trustee's Motion, the Declaration of the Trustee and the exhibits attached thereto, and the files in this case, and deeming itself fully advised in the matter the Court makes the following:

ORDER                                                                                                                                                                        **WOOD & JONES, P.S.**
                                                                                                                                                                        303 N. 67th Street
                                                                                                                                                                      Seattle, WA. 98103
                                                                                                                                                                       (206) 623-4382

# FINDINGS OF FACT

1. The Debtor owned real property located at 2609 NW 37th Street, Camas, Washington ("Property").

2. The Debtor formed the DVJ Starseed Express Trust on August 1, 1998 ("Trust") which was controlled by an Express Trust Declaration ("Trust Document"). The Trust Document states that the Trust terminated after twenty-five years. By its own terms, the trust terminated on August 1, 2023.

3. Page 3 of the Trust Document states the Debtor is the settlor, the trust protector, and the trustee. It further states that the Trust is created for the benefit of the Trust Certificate Unit Holders. The next paragraph of the Trust states that the settlor (the Debtor) transferred assets to the Trust in exchange 100 units of the Trust Certificate Units, which were to be held for the benefit of the members of the Trust.

4. On Page 4 of the Trust Document, there is only one person identified as a holder of the 100 Trust Certificate Units, and that is the Debtor. No other members of the "Trust" are identified in the document. Trusts do not have members, they have beneficiaries.

5. Diane Bourne is listed as a Co-Trustee on Page 32 of the Trust Document. Ms. Bourne signed the documents and then immediately delegated all of her authority to the Debtor, so since 1988 the only person with the authority to make any decisions or take any action for the Trust is the Debtor.

6. Page 3 and 4 of the Trust Document state that the Trust is both amendable and irrevocable, and that the trustee can be fired by the trust protector (the Debtor) and replaced with a new trustee appointed by the trust protector.

7. On Page 3 of the Trust Document, the Debtor was listed as the only Trustee.

ORDER

8. On June 4, 2024, the Debtor recorded a quitclaim deed transferring the Property to DVJ Starseed Express Trust for no consideration. The trust terminated as of August 1, 2023, ten months prior to the attempted transfer of the Property to the Trust. The transfer of the Property was legally ineffective.

9. The Debtor and his family are in possession and control of the Property, the Property constitutes property of the estate, the Property is the type the Trustee could use, sell or lease pursuant to Section 363 of the Bankruptcy and the Property is not of inconsequential value.

**CONCLUSIONS OF LAW**

1. The Debtor owned real property located at 2609 NW 37th Street, Camas, Washington ("Property").

2. The Debtor formed the DVJ Starseed Express Trust in 1998 which is controlled by the Trust Documents. According to the Trust document, the Trust was to continue for twenty-five years. By its own terms, the Trust terminated on August 1, 2023.

3. The transfer of the Property to the Trust was done ten months after the trust terminated. The Washington Supreme Court's decision in *Estate of Bracken v. State*, 175 Wash. 2d 549, 290 P.3d 99 (Wash. 2012) was superseded by statute as noted in *Osborne v. Department of Revenue of State,* 7 Wn.App.2d 1056, 50762-5-II (Wash. App. Feb 26, 2019). However, Bracken's discussion of the timing of property transfer to a trust (at creation, not at termination) remains consistent with the general principle that a trust must exist to receive property. Since the Trust had terminated prior to the transfer, and ceased to exist as a legal entity, the attempted transfer of the Property was legally ineffective – the transfer failed and the Property remained with the transferor and became property of the estate of the Petition Date.

3. The Trust document states the Debtor is the settlor, the trust protector, and the trustee and as such the Trust is a self-settled revocable trust. To the extent the Trust did not terminate, the Trustee can appoint himself as the Trust Protector and take control of the Property.

4. The Debtor and his family are in possession and control of the Property, the Property constitutes property of the estate, the Property is the type the Trustee could use, sell or lease pursuant to Section 363 of the Bankruptcy and the Property is not of inconsequential value.

Based on the foregoing it is hereby

ORDERED THAT:

1. the DVJ Starseed Express Trust terminated by its own terms on August 1, 2023.

2. the Trust is a self-settled, revocable trust and to the extent the trust did not terminate on its own terms, the Trustee can appoint himself as the Trust Protector and take control of the Trust.

3. the transfer of the Property to the trust was legally ineffective because the trust had terminated. The transfer of the Property failed, and the Property remained with the transferor and became property of the estate on the Petition Date.

4. the Debtor and his family are in possession and control of the Property, the Property constitutes property of the estate, the Property is the type the Trustee could use, sell or lease pursuant to Section 363 of the Bankruptcy Code and the Property is not of inconsequential value.

5. the Debtor and his family are required to turnover possession and control of the Property to the Trustee within fourteen days of entry of this Order.

///END OF ORDER///

ORDER

**WOOD & JONES, P.S.**
303 N. 67th Street
Seattle, WA. 98103
(206) 623-4382

| | |
|---|---|
| 1 | |
| 2 | Submitted by: |
| 3 | WOOD & JONES, P.S. |
| 4 | */s/ Denice Moewes*  _____<br>Denice Moewes, WSBA #19464 |
| 5 | Attorney for Plaintiff<br>Russell D. Garrett |
| 6 | |
| 7 | |

ORDER

**WOOD & JONES, P.S.**
303 N. 67th Street
Seattle, WA. 98103
(206) 623-4382