Judge:          Hon. Mary Jo Heston
Chapter:        Chapter 7
Hearing Date:   September 1, 2026
Hearing Time:   9:00 a.m.
Hearing Site:   via ZoomGov
Response Date:  August 25, 2026

## UNITED STATES BANKRUPTCY COURT FOR THE
## WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br>JARED M. ROWE,<br><br>                    Debtor. | CASE NO. 24-41318-MJH<br><br>TRUSTEE'S MOTION FOR ORDER (1) DIRECTING DEBTOR AND ALL OCCUPANTS TO VACATE REAL PROPERTY, AND (2) AUTHORIZING EX PARTE SUBMISSION OF EVICTION ORDER |

### I. NOTICE

The Trustee has filed a Motion for Order (1) Directing Debtor and All Occupants to Vacate Real Property, and (2) Authorizing *Ex Parte* Submission of Eviction Order to United States Marshals Service ("Trustee's Motion"). The hearing on the Trustee's Motion is set as follows:

JUDGE:      Hon. Mary Jo Heston          TIME:      9:00 a.m.

LOCATION:  ZOOM.GOV                      DATE:      September 1, 2026

### II. MOTION

Russell D. Garrett, Chapter 7 Trustee herein ("Trustee"), by and through his undersigned counsel, moves the Court for entry of an order:

1.      Directing the Debtor, Jared Rowe, and all other occupants to vacate the real property commonly known as 2609 NW 37th Street, Camas, Washington 98607 ("Property") within seven (7) days of entry of the Order; and

MOTION TO COMPEL COOPERATION – 1

2. Providing that, if the Trustee verifies that the Property has not been vacated within that seven-day period, the Trustee may submit an *ex parte* order directing the United States Marshals Service to evict the Debtor and all occupants and to place their personal property in a public storage facility.

### III. FACTUAL BACKGROUND

The relevant facts are set forth in detail in the Declaration and are summarized here.

1. The Debtor filed a voluntary Chapter 7 petition on June 13, 2024, and the Trustee was appointed the same day. The bankruptcy estate includes the Property. The chain of title is established in the Trustee's prior filings.

2. On December 2, 2025, the Trustee filed a Motion to Compel Turnover of Property of the Estate [Dkt. No. 231]. On January 6, 2026, the Court entered an order directing the Debtor to vacate the Property [Dkt. No. 231]. See Declaration of Denice Moewes ("Moewes Decl.") filed herewith, ¶ 5. The Debtor failed to comply and remains in possession. *Id.* ¶ 6.

3. After the Debtor's non-compliance, the Trustee sought assistance from the United States Marshals Service. Following multiple revisions to a proposed order and discussions, the Marshals advised that they would not remove the Debtor merely to provide the Trustee temporary access, but would execute a court order evicting the Debtor. *Id.* ¶ 7.

4. To resolve outstanding title issues, the Trustee initiated Adversary Proceeding No. 25-04011-MJH. That proceeding was later dismissed on July 1, 2026, because an earlier Court order [dkt. 249] resulted in a voluntary transfer of title to the Trustee via Quitclaim Deed recorded on June 24, 2026. Moewes Decl. ¶¶ 8–9, Ex. 1.

MOTION TO COMPEL COOPERATION – 2

5.    On June 30, 2026, the Trustee sent a formal demand letter to the Debtor at the Property, and to the Vancouver Washington address listed on his schedules as his mailing address. The letter demanded that the Debtor and all occupants vacate immediately. Moewes Decl. ¶ 10, Ex. 2.  The demand was sent via both certified mail, return receipt requested, and regular first-class mail. Moewes Decl. ¶ 10. Due to a typographical error in the Debtor's home address, the letter was resent on July 21, 2026.

6.    The Debtor did not sign for the certified mail copy. The regular first-class mailing was returned, with the notation that the Property was "return to sender, vacant, unable to forward." Moewes Decl. ¶ 10, Ex. 3.  However, according to the Trustee's realtor, there are vehicles at the Property. *Id*. The Debtor has not responded, and no one has vacated the Property. Moewes Decl. ¶ 11. The Debtor received ample time to depart as of July 21, 2026, yet continues to unlawfully occupy estate property. *Id*. ¶ 12.

### VI. Motion For Order Directing the Debtor and All Occupants Vacate the Property

#### A. The Debtor Has a Duty to Surrender the Property and Cooperate with the Trustee.

Section 521(a)(3) imposes upon the Debtor a duty to "cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties under this title." Fed. R. Bankr. P. 4002(a)(4) further requires that "[T]he debtor shall . . . cooperate with the trustee in the . . . administration of the estate." The Trustee has a duty to collect and reduce to money the property of the estate. 11 U.S.C. § 704(a)(1).

The Ninth Circuit has been unequivocal: "[t]he filing of a Chapter 7 bankruptcy petition automatically creates an estate . . . [t]he trustee is the representative of this estate, and the debtor has a duty to surrender to the trustee all estate property." *In re Mwangi*, 764 F.3d 1168, 1173 (9th

MOTION TO COMPEL COOPERATION – 3

Cir. 2014) (citations omitted). Courts have consistently held that this duty "is non-negotiable." *In re Nakhuda*, 2015 WL 873566, at *3 (B.A.P. 9th Cir. Mar. 2, 2015); see also *Brower v. Evans*, 257 F.3d 1058, 1068 n.10 (9th Cir. 2001) ("'[s]hall' means shall").

The Debtor's obligation to physically vacate and surrender possession of the Property flows directly from these duties. This Court entered an order directing the Debtor to vacate the Property, and the Debtor ignored that order. As such, he has ignored his statutory obligations and remains unlawfully in possession of property of the estate. Moewes Decl. ¶ 5-6, Ex. 1.

As the Panel held in *Nakhuda*, the Trustee "merely sought an order requiring the Debtor to comply with his duties under § 521(a)(3) and (a)(4), duties statutorily imposed without necessity of a court order." *Nakhuda*, 2015 WL 873566, at *3. *Nakhuda* applies with even greater force here, as the Debtor cannot object to an order that simply enforces the non-negotiable duty to surrender estate property that he has already been directed to vacate.

**B. The Court May Enforce Its Order and Effectuate Turnover Through Eviction.**

The Debtor's refusal to leave the Property prevents the Trustee from fulfilling his statutory obligation to collect and liquidate estate assets. The Trustee has formally obtained title through a recorded Quitclaim Deed. Moewes Decl. ¶ 9, Ex. 1. A demand letter was sent, giving the Debtor yet another opportunity to comply voluntarily, and he did not respond. Moewes Decl. ¶¶ 10-11. The Debtor has had since June 30, 2026, to vacate, which is more time than the seven (7) additional days the Trustee now requests, and yet he continues to occupy estate property. *Id*. ¶ 12.

The Court has the authority under 11 U.S.C. § 105(a) to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Code. That power encompasses both enforcing compliance with prior orders and ensuring that property of the estate

MOTION TO COMPEL COOPERATION – 4

is actually turned over to the Trustee. The two-step process the Trustee requests, a final seven-day window to vacate voluntarily, followed by an *ex parte* order authorizing the United States Marshals Service to carry out the eviction, is a measured, efficient, and necessary means of enforcing a duty the Debtor has refused to perform. The Marshals have already indicated they will execute an eviction order if one is entered. *Id.* ¶ 7.

For these reasons, the Trustee is entitled to the requested relief.

### V. OBJECTIONS

Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.) If you do not want the Court to approve the Trustee's Motion, or if you want the Court to consider your views on the Trustee's Motion, then on or before August 25, 2026, you or your attorney must file your objection and serve a copy upon Denice Moewes, Moewes Law, P.S., P.O. Box 80662, Seattle, WA 98108.

If you mail your response, objection or comment to the Court and counsel, you must mail it early enough so that the Court will receive it on or before the date stated above. If you or your attorneys do not take these steps, the Court may decide that you do not oppose the Trustee's Motion and may enter an order granting the relief requested in that motion.

Further information regarding the Trustee's Motion may be obtained by telephoning Denice E. Moewes, at (206) 940-4075.

Dated this 11th day of August, 2026.

MOEWES LAW, P.S.

*/s/ Denice E. Moewes*

MOTION TO COMPEL COOPERATION – 5

Denice Moewes, WSBA#19465
Attorney for Trustee

**JOIN ZOOMGOV MEETING**

https://www.zoomgov.com/j/1606692441?pwd=ZkVCbVEyTzZBRWovRlI0ODZRUUFjQT09

**Meeting ID**: 160 669 2441
**Passcode**: 827542

**One tap mobile**

+16692545252,,1606692441# US (San Jose)
+16692161590,,1606692441# US (San Jose)

**Dial by your location**
+1 669 254 5252 US (San Jose)
+1 669 216 1590 US (San Jose)
+1 15 449 4000 US (US Spanish Line)
+1 551 285 1373 US (New Jersey)
+1 646 828 7666 US (New York)
+1 646 964 1167 US (US Spanish Line)
Meeting ID: 160 669 2441
Find your local number: https://www.zoomgov.com/u/abGXEPYqMS

**NOTES**
Please do not attempt to record this session. It is prohibited.
Please set your Zoom user name to show your first and last name only: Jane Doe, John Doe…(this will make it easier for the judge to identify parties).
If you are disconnected from the session and can't rejoin, email the judge's Courtroom Deputy at: alice_timken@wawb.uscourts.gov.
Please join this Zoom session 15 mins prior to the scheduled start of the hearing.

MOTION TO COMPEL COOPERATION – 6